IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARNELL TIPTON, #A01054, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 18-cv-01428-MJR |
| | ) |
| J. LASHBROOK, | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Petitioner Darnell Tipton, an inmate who is currently incarcerated in Menard Correctional Center ("Menard"), has filed a Petition for Writ of Mandamus pursuant to 735 ILCS § 5/14-101[1] (Doc. 3-12). He seeks an order directing Warden J. Lashbrook to place him in protective custody at Menard, which he says is consistent with the Seventh Circuit Court of Appeals' "landmark ruling" in *Lewis v. Washington*.[2] (Doc. 1, pp. 2, 4). This case is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

---

[1] In his initial pleadings, Petitioner referred to both the "Circuit Court of Randolph County, Illinois" and the "Court for the U.S. District Southern Judicial Circuit Law Division." (Doc. 1, p. 1). He also failed to pay a filing fee for this action or file a Motion for Leave to Proceed *in forma pauperis*. Petitioner was therefore ordered to confirm his intent to pursue this matter in federal court and either prepay the full filing fee or submit a properly completed IFP Motion by August 23, 2018. Prior to the deadline, he filed an IFP Motion and Motion for Appointment of Counsel, both of which list the United States District Court for the Southern District of Illinois in the caption. This matter is now ripe for review.

[2] Petitioner did not cite the case or summarize the decision for this Court. An independent review of public records indicates that the petitioner was involved in a class action brought pursuant to 42 U.S.C. § 1983 by a group of inmates in the Illinois Department of Corrections ("IDOC") to challenge their placement in unapproved protective custody. *See Lewis v. Washington*, No. 99-C-07081 (N.D. Ill.).

1

(b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

After considering the allegations in the Petition and accepting them as true, the Court finds that this action is subject to dismissal for lack of federal jurisdiction.

### Writ of Mandamus

This Court lacks jurisdiction to consider the Petition. The writ of mandamus has been abolished. *See* FED. R. CIV. P. 81(b). Two different federal statutes address writs of mandamus. *See* 28 U.S.C. § 1361 and 28 U.S.C. § 1651. However, federal courts have no authority to grant mandamus relief against state officials, which is exactly what Petitioner seeks. *See* 28 U.S.C. § 1361 (federal mandamus jurisdiction is limited to actions against "an officer or employee of the United States or any agency thereof"). *See also* 28 U.S.C. § 1651(a) ("The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in *aid* of *their* respective jurisdictions and agreeable to the usages and principles of law" (emphasis added)); *United States v. Illinois Bell Telephone Co.*, 531 F.2d 809, 814 (7th Cir. 1976). Section 1651, in contrast to § 1361, is only a mechanism by which the Court asserts its jurisdiction. *Id*. It is not a source of jurisdiction. *Id*.

Neither federal statute gives this Court jurisdiction to order Respondents to grant Petitioner's request for relief. Whether or not Petitioner may be entitled to relief if he were to file his action in an Illinois state court is beyond the scope of this Order. This case is dismissed without prejudice for lack of jurisdiction. This dismissal does not preclude Petitioner from filing a separate action in state or federal court.

### Disposition

**IT IS HEREBY ORDERED** that, for the reasons set forth above, this action is **DISMISSED** without prejudice for lack of federal jurisdiction. Petitioner is **ADVISED** that this dismissal shall <u>not</u> count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). *See Haury v. Lemmon*, 656 F.3d 521 (7th Cir. 2011).

**IT IS FURTHER ORDERED** that Petitioner's Motion for Leave to File Mandamus Petition (Doc. 1, pp. 1-2) and Motion for Appointment of Counsel (Doc. 8) are **DENIED** as **MOOT**. Finally, his Motion for Leave to Proceed *in forma pauperis* (Doc. 10) will be decided in a separate order. With that said, the Court notes that Petitioner's obligation to pay the filing fee for this action was incurred at the time the action was filed, and thus the filing fee of $400.00 ($350.00 if granted pauper status) remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS SO ORDERED.**

**DATED: September 5, 2018**

s/ **MICHAEL J. REAGAN**
**Chief Judge,**
**United States District Court**